## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CRIMINAL COMPLAINT** |
| v. | : | |
| | : | Mag. No. 22-11147 |
| CHRISTOPHER M. CODIO | : | |

I, Ryan F. Lane, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Task Force Officer with the United States Drug Enforcement Administration, and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

s/ Ryan F. Lane
_____
Ryan F. Lane, Task Force Officer
Drug Enforcement Administration


TFO Lane attested to this Complaint
by telephone pursuant to FRCP 4.1(b)(2)(A)
on April 29, 2022 in the District of New Jersey

_____
HONORABLE ANDRÉ M. ESPINOSA
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Count One
### (Possession with Intent to Distribute Methamphetamine)

On or about April 28, 2022, in Bergen County, in the District of New Jersey and elsewhere, the defendant,

CHRISTOPHER M. CODIO,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

2

**ATTACHMENT B**

I, Ryan F. Lane, am a Task Force Officer with the United States Drug Enforcement Administration.   I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.   Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.     Law enforcement has been involved in an investigation into a drug trafficking organization ("DTO") operating in New Jersey, New York, Mexico, and elsewhere.   The investigation revealed that the defendant Christopher M. Codio ("CODIO") is a member of the DTO.

2.     From on or about April 22, 2022 through on or about April 26, 2022, a confidential informant ("CI-1") acting under the direction of law enforcement, communicated telephonically with at least two other members of the DTO about purchasing approximately ten pounds of methamphetamine.   On or about April 26, 2022, one such DTO member informed CI-1 that another individual, who was later identified as CODIO, would contact CI-1 about the drugs.

3.     On or about April 27, 2022, CODIO, via a cellular phone ("the Codio Phone") sent a text message to CI-1.   In response, CI-1 called the Codio Phone and discussed with CODIO the aforementioned narcotics transaction.   CODIO told CI-1 that he would meet CI-1 at an agreed-upon location in Bergen County, in the District of New Jersey (the "Meeting Location") on or about April 28, 2022.

4.     On or about April 28, 2022, after further telephonic communications with CODIO, CI-1 proceeded to the Meeting Location.

5.     Law enforcement surveilling the Meeting Location, observed CODIO arrive, driving in a black Chevrolet Tahoe (the "Tahoe") with a Massachusetts Livery registration.   Under the surveillance and direction of law enforcement, CI-1 drove to the Meeting Location to meet with CODIO at the Meeting Location.

6.     During the meeting, which was audio-recorded, CI-1 asked CODIO, "where is it,?" referring to the drugs, and CODIO responded, "in my car, in the back seat."   Subsequently, law enforcement observed CODIO retrieve a brown bag from the Tahoe (the "Bag").   CODIO then asked CI-1, "where is the money?"

and CI-1 told CODIO that the money was in CI-1's car.

7.   Then, CI-1 walked to CI-1's car, and law enforcement approached and arrested CODIO.   During a search incident to CODIO's arrest, law enforcement recovered approximately $2,000.

8.   Additionally, law enforcement seized the Bag, which was open and saw that packages of suspected controlled substances were stored in open cereal boxes.   The Bag is depicted below:



9.   The recovered drugs field tested positive for the presence of methamphetamine and weighed approximately 4.26 kilograms.